IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK ANTHONY STEPHERSON,<br><br>Defendant. | CRIMINAL ACTION NO.:<br><br>1:21-cr-507-MHC-JKL |

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. On April 13, 2022, the Court entered an order granting the government's Motion for Psychiatric or Psychological Examination of Defendant to determine his competency to stand trial, and committed him to the custody of the Attorney General for a mental competency evaluation. [Doc. 48.] On August 22, 2022, the Court received a report from forensic psychologist Carmen Rodriguez, Psy.D., regarding Defendant's abilities to understand the nature and consequence of the proceedings against him and to properly assist in his defense ("the Forensic Report"). [Doc. 55.] After receiving the Forensic Report, defense counsel and counsel for the government advised the Court that no hearing on Mr. Stepherson's competency was necessary at this time.

After reviewing the Forensic Report myself, I too conclude that Mr. Stepherson is presently capable of understanding the charges against him and meaningfully assisting his attorneys about his defense. Therefore, I **RECOMMEND** that the Court find that Mr. Stepherson is competent to stand trial and proceed with this case.

## I.  Background

On December 21, 2021, a grand jury seated in this district returned a single-count indictment against Mr. Stepherson, charging him with unlawful possession of a firearm following conviction for a misdemeanor crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).  [Doc. 1.]  On April 11, 2022, the government moved for a pre-trial psychological evaluation of Mr. Stepherson. [Doc. 46.]  As discussed, the Court granted the motion and committed Mr. Stepherson to the custody of the Bureau of Prisons for an examination pursuant to 18 U.S.C. § 4241.  [Doc. 48.]  Mr. Stepherson was thereafter transferred to Federal Detention Center, Miami, Florida ("FDC-Miami") for evaluation.

At FDC-Miami, Dr. Rodriguez evaluated Mr. Stepherson's competency from May to August 2022.  [*See* Doc. 55.]  Dr. Rodriguez conducted a clinical interview of Mr. Stepherson, performed a mental status examination, administered

numerous psychological tests,[1] and reviewed Mr. Stepherson's mental health records, and pleadings in this case, including filings by Mr. Stepherson or his uncle espousing frivolous sovereign citizen theories. [*Id.* at 2-3.] Dr. Rodriguez diagnosed him with unspecified cannabis use disorder, in a controlled environment; unspecified alcohol-related disorder, in a controlled environment; and other specified personality disorder, with antisocial personality features. [*Id.* at 7.]

Dr. Rodriguez concluded that Mr. Stepherson is not suffering from a mental condition that would prevent him from proceeding competently to trial. She summarized her opinion as follows:

> The evaluation of competency is designed to assess the defendant in several areas of courtroom knowledge and abilities. This includes testing his ability to understand courtroom proceedings, charges against him, and his ability to assist defense counsel.
>
> A thorough review of documents submitted by the defendant (or on his behalf) failed to indicate signs of a mental illness. While Mr. Stepherson's letters [to the court that he filed on the docket] appear nonsensical, the content and style of the letters are consistent with defense strategies employed by sovereign citizen groups (e.g., Moorish Nation, Republic of the United States of America, etc.). For example, Mr. Stepherson asserts that he is not the defendant, rather a "Moor beneficiary," and thus he is beyond the court's jurisdiction. According to information reviewed, the tenets of this defense strategy are based on the following: that an individual can

---

[1] Including the Wechsler Abbreviated Scale of Intelligence, Second Edition; the Validity Indicator Profile; and the Minnesota Multiphasic Personality Inventory, 2nd Restructured Form. [Doc. 55 at 6-7.]

copyright and/or claim his own name and/or person as property; that all crime is commercial crime; and that the courts do not have legitimate jurisdiction. Similar to Mr. Stepherson's filings, many of the documents filed by sovereign citizens seek relief from criminal charges, demand sums of money, or threaten to file lawsuits against judges and various government agents. These filings are often designed to harass or intimidate public officials, and are created in retaliation against government authorities. The documents are typically large in size and contain pseudo-legal, nonsensical language. While Mr. Stepherson's defense tactics may not ultimately be successful, they are not believed to be based on confused or delusional thinking, or any symptoms of an active phase of mental illness. Instead, these ideas appear to be increasing in popularity among criminal defendants and are a volitional attempt to thwart the current legal proceedings.

The ECST-R is a semi-structured interview designed to assess psycholegal domains relevant to the legal standard for competency to stand trial. It provides an opportunity for examiners to instruct and educate defendants who do not initially provide an adequate answer. It also provides a systematic screening for feigned incompetency to stand trial and has been validated on a range of cognitive abilities. This test is comprised of the following scales: Consult With Counsel (CWC), which measures a defendant's ability to work with a defense attorney; Factual Understanding of the Courtroom Proceeding (FAC), a measure of courtroom and general legal knowledge; Rational Understanding of the Courtroom Proceedings (RAC), a measure of the defendant's ability to make decisions involving realistic appraisal of legal outcomes; and Overall Rational Ability (Rational), a combination of scores from the RAC and CWC scales. On this measure, Mr. Stepherson achieved a score within the Moderate range of impairment in the factual understanding domain. However, this low score was due to the defendant's refusal to describe the roles of various courtroom personnel. When he did respond, the defendant often provided cynical answers such as, "The judge thinks he's God," and "The judge just goes with whatever the prosecutor says." Additionally,

> Mr. Stepherson refuted the role of the defense attorney, espousing sovereign ideology regarding his attorney's purported lack of jurisdiction to represent him due to her affiliation with the federal government. The defendant's results on all other domains on this measure fell within normal limits. Further, the defendant's combined score on the atypical (unusual) scales was not suggestive of attempts to feign competency-related impairment.
>
> Essential to the issue of competency to stand trial is whether or not a mental disease or defect is present and interfering with the defendant's ability to understand the nature and consequences of the proceedings against him, and his ability to properly assist in his own defense. Throughout the evaluation, Mr. Stepherson's behavior appeared purposeful and under his volitional control. He demonstrated no symptoms of a mental illness that would interfere with his factual and rational understanding of the proceedings or his ability to assist toward his defense, if motivated to do so. In conclusion, the defendant's degree of trial competency is satisfactory, and it is recommended that Mr. Stepherson be found competent to proceed.

[*Id.* at 8-9.]

After receiving the report, the parties advised the Court that no competency hearing would be needed in light of Dr. Rodriguez's findings.

## II.     Applicable Standard

The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent. *United States v. Dixon*, 901 F.3d 1322, 1341 (11th Cir. 2018). The test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational

understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal quotation marks omitted). "[A] [defendant] raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence." *United States v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011).[2]

### III.  Discussion

The only evidence that bears on Mr. Stepherson's competency is Dr. Rodriguez's report, which I find to be thorough, well-supported, and well-reasoned. No record evidence calls Dr. Rodriguez's findings into question. Indeed, Defendant has explicitly advised the Court that he does not demand a competency hearing in light of Dr. Rodriguez's opinion. I therefore follow the opinion of Dr.

---

[2] There is an open question about whether the defendant or the government bears the overall burden of proof, *see United States v. Cheney*, No. CR417-002, 2017 WL 3929321, at *1 (S.D. Ga. Aug. 21, 2017), *report and recommendation adopted*, 2017 WL 3928936 (S.D. Ga. Sept. 7, 2017), and *United States v. Young*, No. 3:16-CR-6-TCB-RGV, 2016 WL 6405842, at *2 (N.D. Ga. Sept. 21, 2016), *report and recommendation adopted*, 2016 WL 6277663 (N.D. Ga. Oct. 26, 2016), but that question need not be answered in this case, where the evidence is not in equipoise, "'that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent,'" *see Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996) (quoting *Medina v. California*, 505 U.S. 437, 449 (1992)).

Rodriguez and respectfully recommend that the District Judge find Mr. Stepherson competent to stand trial.[3]

---

[3] The Court may find Mr. Stepherson competent without holding a competency hearing. 18 U.S.C. § 4241(a) provides that the Court shall hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." As noted, the parties do not request a competency hearing in light of Dr. Rodriguez's findings. Even so, the court has an obligation to *sua sponte* hold a hearing if it has "reasonable cause" to believe that the defendant "may" be incompetent. *United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015). To determine whether information before it establishes a "bona fide doubt regarding the defendant's competence" the Court considers three factors: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial." *Id.* (quotation marks and citation omitted). None of those factors weighs in favor of finding that there is any bona fide doubt about Mr. Stepherson's competence. There is no evidence before the Court of irrational behavior, and there is no indication that any judge who observed his demeanor was concerned about his competency. Further, the sole medical opinion of record indicates that Mr. Stepherson is competent. As a result, a competency hearing is not necessary under these circumstances. *See United States v. Gillette*, 738 F.3d 63, 77 (3d Cir. 2013) (rejecting argument that § 4241 always contemplates that competency hearing be held where court has ordered a psychological evaluation); *United States v. Beckham*, No. 2:18-CR-50, 2019 WL 3326216, at *3 (S.D. Ga. July 2, 2019) (finding defendant competent without hearing where court-ordered psychological evaluation indicated defendant was competent and defendant did not persist in demand for competency hearing), *report and recommendation adopted*, 2019 WL 3323334 (S.D. Ga. July 24, 2019).

## IV. Conclusion

In conclusion, it is **RECOMMENDED** that Mr. Stepherson be found competent to stand trial, as he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

IT IS SO RECOMMENDED this 30th day of August, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge